UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| WILLIAM A. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 16-088-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff William A. Brown ("plaintiff" or "Brown") and Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration ("the Commissioner.")  [Record Nos. 14, 23]  Brown argues that the Administrative Law Judge ("ALJ") erred in concluding that he was not disabled within the meaning of the Social Security Act ("Act").  Specifically, he asserts that the ALJ's decision is contrary to the weight of the evidence and that the ALJ failed to apply the correct standard when evaluating his pain.  Brown requests an award of benefits in his favor or, alternatively, that this matter be remanded for further administrative proceedings.  The Commissioner contends that the ALJ's decision should be affirmed.  She contends that the ALJ properly evaluated the evidence of record and that the ALJ's decision is supported by substantial evidence.  For the reasons that follow, the Commissioner's motion will be granted and the ALJ's decision will be affirmed.

**I.**

Brown filed an application for supplemental security income ("SSI") on September 6, 2012, alleging an onset of disability the same date.[1]  [Administrative Transcript, hereinafter "Tr.," 139]  Brown requested an administrative hearing after being denied benefits initially and upon reconsideration.  [Tr. 108]  He appeared before ALJ Elizabeth P. Neuhoff on September 2, 2014, for a video hearing.  *Id.*

Following the administrative hearing, the ALJ determined that Brown had the severe impairments of degenerative disc disease of the lumbar spine, right knee disorder, gout, obesity, and diabetes mellitus with neuropathy.  [Tr. 111]  However, the ALJ determined that Brown did not have an impairment or combination of impairments that met or medically equaled a listed impairment after considering those impairments along with the combined effects of the plaintiff's obesity.  *See* 20 C.F.R. Subpart P, Appendix 1.

The ALJ concluded that Brown had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b), with the following limitations:

> He is limited to jobs allowing for no more than occasional pushing or pulling with the lower extremities.  The claimant is further limited to jobs requiring only occasional postural of climbing, balancing, stooping, crouching, kneeling, or crawling.  He is further limited to jobs allowing for no work around hazards such as unprotected heights or moving machinery, as well as vibrations and temperature extremes.

[Tr. 114]

The ALJ also determined that Brown was unable to perform any of his past relevant work, which included grocery store stocker and machine operator.  [Tr. 121, 142]

---

[1] Brown originally alleged an onset date of September 12, 2006, but amended this onset date to the date of filing because he had filed a previous Title II application and received an unfavorable determination in 2010.  [Tr. 108, 139]

Considering Brown's age, education, work experience, and RFC, however, the ALJ concluded that there were jobs existing in significant numbers in the national economy that Brown could perform. Thus, he was not disabled as defined in the Act. [Tr. 122]

## II.

Under the Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007) (citing 42 U.S.C. § 423(d)(1)(A)). A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

A claimant must first demonstrate that he is not engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 416.920(b). Second, the claimant must show that he suffers from a severe impairment or a combination of impairments. 20 C.F.R. § 416.1520(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 416.920(d). Fourth, if the claimant has a severe impairment but the Commissioner cannot make a determination of the disability based on medical evaluations and current work activity, the Commissioner will review the claimant's RFC and relevant past work to determine whether he can perform his past work. If he can, he is not disabled. 20 C.F.R. § 416.920(f).

Under the fifth step of the analysis, if the claimant's impairments prevent him from doing past work, the Commissioner will consider his RFC, age, education, and past work experience to determine whether he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.416.920(g). "The Commissioner has the burden of proof only on 'the fifth step, proving that there is work available in the economy that the claimant can perform.'" *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 785 (6th Cir. 2009) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

A court reviewing a denial of Social Security benefits must only determine whether the ALJ's findings were supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is such relevant evidence as reasonable minds might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). The Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

### III.

#### A.   The ALJ's Decision Is Supported By Substantial Evidence

Brown contends that the ALJ's decision is contrary to the "overwhelming weight of treating and examining physician opinions." [Record No. 21–1, p. 1] In support, he cites a collection of opinions discussing what is commonly referred to as the "treating physician rule." This rule provides that, as a general matter, ALJs must afford great deference to the opinion of a claimant's treating physician. *See Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011). If controlling weight is not given to a treating source's opinion, the ALJ must give good reasons

for not doing so and must explain the reasons for the amount of weight given. *Id.* While the Administrative Record contains treatment notes from Brown's medical providers, hw has not identified any treating physician who provided an opinion.

The ALJ's written decision reflects a thorough review of the medical evidence, as well as the opinion evidence available in this case. [Tr. 116–21] To begin, the ALJ discussed each exhibit involving the medical care that occurred just prior to Brown's alleged onset date. [Tr. 116] She then turned to each exhibit involving medical evidence post-dating the alleged onset date. [Tr. 116–21] The ALJ also discussed each of the plaintiff's severe impairments in light of the evidence.

With respect to Brown's low back disorder, the ALJ noted that, while a 2009 MRI showed a disc bulge, surgery was not recommended. [Tr. 116, 118] During a consultative examination with Dr. Barry Burchett on December 6, 2012, Brown had no objective manifestations of a back disorder. *Id.* Specifically, Dr. Burchett noted that Brown had full range of motion, normal gait, and that he was comfortable in the sitting and supine positions. [Tr. 116] There was no evidence that spoke to directly to Brown's gout and right knee disorder. [Tr. 119–20] Further, Brown's obesity had improved since the 2010 determination that he was not disabled. [Tr. 120]

The analysis regarding Brown's diabetes mellitus was complicated by his "seemingly total lack of compliance with medical treatment and advice." [Tr. 120] The ALJ noted that Brown's diabetic neuropathy and resulting complications were relatively new developments. She opined that there was insufficient evidence to determine whether these conditions could improve, assuming that Brown was compliant. *Id.* Accordingly, she determined that Brown's

diabetes mellitus did not cause work-related limitations beyond those attributable to his lumbar impairments, viewed in combination with the other impairments. *Id.*

The Court must affirm the ALJ's decision if the findings and inferences reasonably drawn from the record are supported by substantial evidence, even if the record could support a different conclusion. *See Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is more than a scintilla, but less than a preponderance—"it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). The Court does not reweigh the evidence when the ALJ's decision is supported by substantial evidence.

In support of his motion for summary judgment, the plaintiff cites medical evidence including treatment of a facial abscess in 2012 and treatment of diabetes and a foot ulcer in 2014 and 2015. [Record No. 21–1, pp. 1–9] However, as reflected in her opinion, the ALJ thoroughly considered the medical evidence that was rendered during the relevant time period, i.e., after September 6, 2012 but before January 16, 2015. The plaintiff submitted the post-January 16, 2015, evidence to the Appeals Council upon a request for reconsideration and was advised that the evidence was not relevant to his current application.

The ALJ also thoroughly explained her findings regarding the opinion evidence. As stated, no treating source provided an opinion. Dr. Burchett (who provided a consultative examination) did not provide an opinion regarding the plaintiff's functional abilities. Two state agency medical consultants reviewed the plaintiff's file and determined that he did not have a severe physical impairment. However, considering the medical evidence, as well as

the limitations adopted in the 2010 decision, the ALJ fashioned an RFC that took into account the plaintiff's subjective complaints. [Tr. 121]

Accordingly, the ALJ properly articulated her reasons for attributing the amount of weight given to each medical opinion and substantial evidence supports her determination.

**B.     The ALJ's Credibility Determinations Are Supported By Substantial Evidence**

Brown also contends that the ALJ "committed reversible error by failing to apply the Sixth Circuit pain standard." [Record No. 21–1, p. 1] The Sixth Circuit has explained that:

> [f]irst, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably can be expected to produce the alleged disabling pain.

*Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986).

It is evident that the ALJ applied this standard to Brown's claims of pain. [Tr. 114] The ALJ explained that, while Brown's conditions could reasonably be expected to cause some of his alleged symptoms, his claims regarding the intensity, persistence, and limiting effects of the symptoms were not entirely credible. [Tr. 115] Aside from a lack of medical evidence corroborating his claims, the ALJ noted other significant inconsistencies in the record. Despite claims of severe pain, the plaintiff walked outside to smoke a cigarette following removal of an abscess from his left thigh. [Tr. 116] Further, during the administrative hearing, the plaintiff testified that he had not attended a bingo game in three to four years, but he indicated otherwise in a signed statement in April 2013. [Tr. 119]

Brown also contends that lay testimony proves is "totally disabled." [Record No. 21–1, p. 12] At the administrative hearing, Brown's neighbor, William Hensley, testified that Brown could not work because of problems with his back and feet. [Tr. 168–69] However,

- 7 -

the testimony of lay witnesses is entitled to appreciable weight only if "fully supported by the reports of the treating physicians." *Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004). And here, Brown does not identify any treating physician's report that supports Hensley's assertion. Additionally, contrary to the plaintiff's claims, the ALJ did consider his work history in assessing his credibility. [Tr. 115] There is no indication that the ALJ discounted Brown's credibility based on his work history; however, she was not obligated to deem him fully credible based on the fact that he has worked in the past.

It is for the ALJ, not this Court, to evaluate credibility. *Rogers*, 486 F.3d 234, 247 (6th Cir. 2007). In this case, the ALJ made a determination of credibility based on the entire record and provided specific reasons for her determination. *See id.* Accordingly, her credibility determination is supported by substantial evidence and will not be disturbed.

### C.    Issues Raised In a Perfunctory Manner Are Waived

Finally, the plaintiff claims that the vocational expert ("VE") testified that "the condition of the Claimant proved by the evidence in the record precluded the Claimant from working at any job available in substantial numbers in the national economy." [Record No. 21–1, p. 13] This statement is simply inaccurate.

While the plaintiff may believe that the ALJ adopted an RFC that was not supported by substantial evidence, he has not attempted to flesh out this assertion. Accordingly, the Court will not entertain this line of argument. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.").

## IV.

Based on the foregoing analysis, it is hereby

**ORDERED** as follows:

1. The Commissioner's Motion for Summary Judgment [Record No. 23] is **GRANTED**.

2. Plaintiff Brown's Motion for Summary Judgment [Record No. 14] is **DENIED**.

3. The decision of ALJ Elizabeth P. Neuhoff will be **AFFIRMED** by separate judgment entered this date.

This 17th day of January, 2017.

Signed By:
*Danny C. Reeves* DCR
United States District Judge